**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**EVANSVILLE DIVISION**

| | |
|---|---|
| **WILLIAM WINDERS,** | |
| **Plaintiff,** | |
| | Case No. 1:24-CV-350 |
| **v.** | |
| **AMY OLSEN** | **JURY TRIAL DEMANDED** |
| Serve: Amy Olsen | |
|     2241 Belize Drive | |
|     Evansville, IN 47720 | |
| **Defendant.** | |

**COMPLAINT FOR DAMAGES**
**AND DEMAND FOR JURY TRIAL**

Plaintiff William Winders ("Plaintiff"), states as follows for his Complaint against Amy Olsen (hereinafter "Defendant") and makes the following allegations.

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff William Winders is a resident and citizen of Illinois.

2. Defendant Amy Olsen is a resident and citizen of Indiana.

3. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332 because there is complete diversity and the amount in controversy exceeds $75,000.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because Defendant Amy Olsen is subject to this Court's personal jurisdiction and resides in this judicial district.

## FACTS

5.      At approximately 5:36 a.m., on August 17, 2022, Defendant Amy Olsen was driving east on Kansas Road, approaching the intersection of Highway 57.

6.      At or around this time, Plaintiff William Winders was crossing Kansas Road on foot and had already crossed the two westbound lanes.

7.      Defendant was not keeping a careful lookout for obstacles ahead, including Plaintiff.

8.      Defendant was driving at a speed that was too fast for conditions.

9.      As Plaintiff was crossing the eastbound lane, Defendant's car collided with Plaintiff.

10.     At the time Defendant collided with Plaintiff, Plaintiff was where he had a right to be.

11.     As a direct and proximate result of the collision, Plaintiff sustained serious and permanent injuries.

## COUNT I – NEGLIGENCE

12.     Plaintiff incorporates by reference the above allegations as if fully set forth herein.

13.     At all times mentioned herein, Defendant owed a duty to Plaintiff and to others to exercise due care in the operation of her motor vehicle.

14.     Defendant failed to conform her conduct to the requisite standard of care.

15.     As a result of this breach of duty, Plaintiff was injured as a direct and proximate cause.

16.     Defendant breached her duty of due care in one or more of the following ways:

    a.  Defendant's automobile struck the Plaintiff while he was a pedestrian;

    b.  Defendant failed to keep a proper lookout for dangers and obstructions;

    c.  Defendant failed to anticipate the presence of Plaintiff and others lawfully using the highway;

    d.  Defendant failed to keep her car under control in order to avoid a collision with another person using proper care;

    e.  Defendant drove too fast for conditions;

    f.  Defendant failed to react to Plaintiff and take corrective action; and

    g.  Such further acts and omission as the evidence and discovery will reveal.

17.  As a direct and proximate result of the actions of Defendant, Mr. Winders sustained severe and lifelong injuries. Mr. Winders has suffered and will continue to suffer from severe pain and discomfort. Mr. Winders has been required to undergo medical, surgical and diagnostic care and treatment. Mr. Winders has been caused to incur and become indebted for reasonable and necessary medical expenses and shall be required to incur or become indebted for further reasonable and necessary care and treatment in the future.

WHEREFORE, Plaintiff William Winders prays for judgment against Amy Olsen for a fair and reasonable amount in excess of seventy-five thousand dollars ($75,000.00) for the harms and losses he has suffered, his costs herein incurred, pre- and post-judgment interest, punitive damages, and for such other and further relief as may be just and proper.

## COUNT II – NEGLIGENCE PER SE

18.  Plaintiff incorporates by reference the above allegations as though fully set forth herein.

19.     At all times mentioned herein, Defendant owed a duty to Plaintiff and to others to exercise due care in the operation of her motor vehicle.

20.     The acts and omission as set forth constitute a violation of the Indiana Codes regarding the regulation of motor vehicles as set forth with more specificity in Title 9 of the Indiana Codes, including Ind. Code Ann. § 9-21-8-37 (West).

21.     The statutes, codes, and regulations, including the above provision, are designed to protect Plaintiff and members of the public generally from the hazards that arise from the operation of motor vehicles.

22.     Plaintiff is within the class of persons protected by the provision enumerated above, and was designed to prevent the injuries Plaintiff sustained.

23.     As a direct and proximate result of the actions of Defendant, Mr. Winders sustained severe and lifelong injuries. Mr. Winders has suffered and will continue to suffer from severe pain and discomfort. Mr. Winders has been required to undergo medical, surgical and diagnostic care and treatment. Mr. Winders has been caused to incur and become indebted for reasonable and necessary medical expenses and shall be required to incur or become indebted for further reasonable and necessary care and treatment in the future.

WHEREFORE, Plaintiff William Winders prays for judgment against Amy Olsen for a fair and reasonable amount in excess of seventy-five thousand dollars ($75,000.00) for the harms and losses he has suffered, his costs herein incurred, pre- and post-judgment interest, punitive damages and for such other and further relief as may be just and proper.

5

DATED: February 26, 2024                    Respectfully Submitted,

**THE SIMON LAW FIRM, P.C.**

By:  */s/ Patrick R. McPhail*
    John G. Simon, #MO35231
    Patrick R. McPhail, #MO70242
    800 Market Street, Suite 1700
    St. Louis, Missouri 63101
    (314) 241-2929
    (314) 241-2029 / Facsimile
    jsimon@simonlawpc.com
    pmcphail@simonlawpc.com
    ***Attorneys for Plaintiff***